IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROXANNE V. ZOLIN,
      Plaintiff,

vs.                        Case No. 3:09cv38/WS/MD

JOSEPH CARUTH, et al.,
      Defendants.

---

## REPORT AND RECOMMENDATION

This cause is before the court upon defendants' identical motions to dismiss or, in the alternative, for a more definite statement. (Docs. 6, 7, 8). Plaintiff has responded in opposition to the motions. (Doc. 19). For the reasons that follow, the undersigned recommends that the motions be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, initiated this diversity action on January 28, 2009 by filing a complaint naming three defendants: "Joseph Caruth, a.k.a. Joseph Henry Caruth, Jr.; Goldrush77, an unincorporated association; and Joseph H. Caruth, Jr., president and/or sole proprietor of Goldrush77." (Doc. 1, p. 1). The complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, and quantum meruit. (*Id.*). The controversy arises, according to the complaint, out of an oral agreement between plaintiff and Mr. Caruth. The complaint alleges that in August of 2004, defendant Caruth sent plaintiff an unsolicited e-mail asking her if she would be interested in collaborating on a proposal to the United States Department of Defense Small

Business Innovation Research ("SBIR") program in response to one of its Topic Call solicitations. (Doc. 1, p. 3 ¶ 8). Plaintiff telephoned defendant Caruth, and they orally agreed that they would "work as partners" and "collaborate" in submitting a proposal. They further agreed that if a proposal was successful in winning an SBIR contract award, they would form a business entity to develop the project further, including commercializing it in the marketplace. (*Id.*, pp. 4-5 ¶¶ 10-12; p. 18 ¶ 54). According to plaintiff, she put forth substantial time and effort into preparing three proposals, one in 2004, 2005 and 2006. Prior to writing each proposal the parties reconfirmed their agreement. (*Id.*, p. 5 ¶ 12; p. 11 ¶ 28). Each proposal was submitted through Mr. Caruth's sole proprietorship, GoldRush77, (*id.*, p. 17 ¶ 53; p. 19 ¶ 59), with plaintiff listed as an employee of Goldrush77. (*Id.*, p. 5 ¶ 13). Neither the 2004 nor the 2005 proposal was successful in winning an SBIR award. However, the parties' 2006 proposal for SBIR Topic Call CR-6 was successful. (*Id.*, p. 4 ¶ 11). The proposal described a technology plaintiff calls the Inter-Organization Simulation Training System. In February of 2007, the SBIR awarded GoldRush77 a $90,000 grant for further development of the technology. (*Id.*, p. 4 ¶ 11; p. 7 ¶ 18). Pursuant to the grant, the "Goldrush77 team," including plaintiff and defendants began work on Phase I of the project. (*Id.*, pp. 7-8 ¶ 18). Plaintiff expended significant time and effort in connection with the project, including preparing and participating in an SBIR compliance review on March 27, 2007. (*Id.*, pp. 5, 8 ¶¶ 15, 19). Along the way, plaintiff initiated discussions with Mr. Caruth about the formation of a business entity together. (*Id.*, pp. 6-7 ¶¶ 16-17). Mr. Caruth was initially responsive; however, within days after completing the compliance review, and during the course of team members submitting their billings for work they had performed on the project, Mr. Caruth advised plaintiff that her "services" were terminated, that she was to "cease and desist any and all activities associated with Goldrush77.com," and that she would be reimbursed for all time and expenses she had incurred thus far. (*Id.*, pp. 8, 9 ¶¶ 20-23). Plaintiff submitted an accounting of the work she had performed. (*Id.*,

pp. 8-9 ¶ 20, 22). Mr. Caruth requested a more detailed description of her activities, including literature she had reviewed, to whom telephone calls and e-mails were made and what was discussed, and the reason for certain travel. (*Id*., p. 9 ¶ 23). Believing Mr. Caruth to have all the information he needed to reimburse her, plaintiff declined. According to plaintiff, she has not been compensated fully for her expenses and the value of the work she performed. As relief, she seeks a declaratory judgment, injunctive relief, compensatory damages, punitive damages, and costs including "reasonable attorney and/or related legal fees." (Doc. 1, pp. 21-22).

On February 26, 2009, defendants filed three identical motions to dismiss or, in the alternative, for a more definite statement. (Docs. 6, 7, 8). Defendants contend the complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6), 8(a)(2), 8(d)(1), 9(b), 10(b), 12(e) and 12(f) because it fails to state a cause of action and fails to comply with pleading requirements. In the alternative, defendants contend the court should require plaintiff to provide a more definite statement of her claims, arguing that plaintiff filed a substantially similar complaint in this court in *Zolin v. Caruth, et al.*, Case Number 3:07cv538/RV/EMT; that the defendants filed a substantially similar motion as the one now pending, and that because the magistrate judge granted the motion in part and required plaintiff to file an amended complaint setting forth a more definite statement of her claims, this court should do the same. As their final contention, defendants contend that the complaint should be stricken pursuant to Fed. R. Civ. P. 11(a) and N.D. Fla. Loc. R. 5.1(B)(5) because it was filed in paper form and appears to contain a scanned copy of plaintiff's signature instead of an original. Defendants further seek to strike plaintiff's claim for attorney's fees because she is proceeding *pro se*.

Plaintiff has responded in opposition to the motion. (Doc. 19).

## DISCUSSION

**Whether the granting of Goldrush77.com's motion in Case No. 3:07cv538/RV/EMT warrants granting of the defendants' motions in this case**

The court takes judicial notice of its own records in *Zolin v. Caruth, et al.*, Case Number 3:07cv538/RV/EMT. Plaintiff Zolin commenced that lawsuit on December 26, 2007, naming three defendants: Joseph H. Caruth, Jr., Goldrush 77, and Goldrush77.com. She asserted substantially the same claims she asserts here. She then voluntarily dismissed her claims against defendants Joseph H. Caruth, Jr. and Goldrush 77. (Docs. 20, 22, 23). Defendant Goldrush77.com filed a motion substantially the same as the one filed here. Plaintiff responded in opposition to dismissal, but stated that she did not oppose providing a more definite statement of her claims. On February 12, 2009, Magistrate Judge Timothy issued an order providing, in pertinent part, as follows:

> In light of Plaintiff's express indication that she does not oppose Defendant's request for a more definite statement, as well as the fact that all Defendants except Goldrush77.com have now been terminated from this action <u>thereby enabling Plaintiff to tailor her allegations to this particular Defendant</u>, the undersigned concludes that Defendant's motion should be granted to the extent that Plaintiff shall be required to file a second amended complaint which includes a more definite statement of her claims as to the only remaining Defendant.

*Zolin*, 3:07cv538, Doc. 24, p. 3) (citations to record omitted) (emphasis in original). Prior to issuance of Magistrate Judge Timothy's order, plaintiff filed the instant lawsuit on January 28, 2009, and then voluntarily dismissed the remaining claims in 3:07cv538. (*Id.*, docs. 26, 27, 28).

The defendants argue that "[a]s the Complaint in this case suffers from the same infirmities addressed recently by Magistrate Judge Timothy in ruling on Goldrush77.com's Motion to Dismiss in Case 3:07cv538/RV/EMT (Document 24), this Motion to Dismiss is substantially similar to that motion and should be granted for the same reasons." (Doc. 6, p. 7; Doc. 7, p. 7; Doc. 8, p. 7). The undersigned

disagrees. One of the primary reasons identified by Magistrate Judge Timothy for granting the motion -- that plaintiff did not oppose the request for a more definite statement -- is not present here. Here, plaintiff opposes defendants' motions in their entirety. Thus, the undersigned will conduct an independent review of defendants' motions.

Pleading Requirements

Although courts liberally construe *pro* se pleadings, the litigant is still required to conform to procedural rules. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Federal Rule of Civil Procedure 8(a)(2) states in relevant part that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Eleventh Circuit has interpreted *Twombly* as "a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a). . . . The main Rule 8(a) standard now seems to be whether the allegations plausibly suggest and are not merely consistent with a violation of the law." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008) (internal quotation marks omitted) (citing *Twombly*, 127 S.Ct. at 1966). In other words, the complaint "must provide 'enough factual matter (taken as true) to suggest' [actionable conduct]." *Davis*, 516 F.3d at 974 (quoting *Twombly*, 127 S.Ct. at 1965).

Federal Rule of Civil procedure 8(d)(1), in turn requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Federal Rule of Civil Procedure 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a

separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

The failure to identify claims with sufficient clarity constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund v. Spear, Leeds & Kellogg*, 305 F.3d 1293, 1295 & n. 9 (11th Cir. 2002); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief . . . ."). In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996). A defendant faced with such a complaint is not expected to frame a responsive pleading. *Id.*

**Motion to Dismiss under Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The rule requires this particularity for "[t]he twin purposes of providing notice and protecting reputation." *Wagner*, 464 F.3d at 1277; *Durham v. Bus. Management Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1986) (explaining that the purpose of Rule 9(b)'s particularity requirement is to "alert[ ] defendants to the precise misconduct with which they are charged and [to] protect[ ] defendants against spurious charges of immoral and fraudulent behavior.") (quotations omitted); *see also Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (explaining that Rule 9(b) "ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . [and] protects defendants from harm to their goodwill and reputation.")

(quotations omitted). The failure to satisfy Rule 9(b) is a ground for dismissal of a complaint. *Corsello v. Lincare, Inc.*, 438 F.3d 1008, 1012 (11th Cir. 2005).

Motion To Dismiss under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In *Twombly, supra*, the United States Supreme Court articulated the proper Rule 12(b)(6) standard:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's allegation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (internal quotation marks and citations omitted). In other words, there must be "plausible grounds to infer [actionable conduct];" that is, enough "to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The *Twombly* case did not affect the well-settled standard that when considering a Rule 12(b)(6) motion, a reviewing court accepts a complaint's well-pleaded allegations as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555-56, 127 S.Ct. at 1965; *Redland Co., Inc. v. Bank of America Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009); *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). If a material element required for a substantive claim is missing from the complaint, the claim should be dismissed.

**Motion for More Definite Statement under Rule 12(e)**

Federal Rule of Civil Procedure Rule 12(e) provides that a party may move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Pleadings are not too vague or ambiguous to enable a defendant to frame a responsive pleading where the type of information the defendant claims is missing would be more properly obtained via discovery rather than through a motion for a more definite statement.

**Motion to Strike under Rule 12(f)**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the court has considerable discretion in ruling on a motion to strike, motions to strike are disfavored because of their drastic nature. *See Chambers v. Cooney*, 535 F. Supp. 2d 1255, 1262-63 (S.D. Ala. 2008) ("Striking matter on Rule 12(f) grounds is a drastic, disfavored remedy.") (citation and internal quotation marks omitted); 5A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil § 1380 (3d ed. 2004) ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harrassing [sic] tactic, numerous judicial decisions make clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.") (footnotes omitted). On a motion under Rule 12(f), "it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration . . . and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party. . . . Thus, even when technically appropriate and well-founded, they often are not granted in the absence of a showing of prejudice to the moving party." *Id.*; *Stephens v. Trust for Public Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007) (noting that a motion to strike is a

"drastic remedy" and that such motions "are rarely granted absent a showing of prejudice"); *BB In Technology Co. v. JAF, LLC*, 242 F. R. D. 632, 641 (S.D. Fla. 2007) (opining that Rule 12(f) motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"); *O'Keefe v. Darnell*, 192 F.Supp.2d 1351, 1354 (M.D. Fla. 2002) (same). *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999) (same). A motion to strike "is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint . . . ." WRIGHT, MILLER & KANE, at § 1380.

<u>Application of the Law to the Complaint</u>

A. **Whether the complaint fails to conform to pleading standards**

Defendants contend the complaint is a classic shotgun pleading because each count incorporates by reference all of the preceding paragraphs, thereby causing each count to contain allegations that are immaterial and irrelevant, confusing the relevant facts, and making the case unduly difficult to litigate. (Docs. 6, 7, 8, p. 12) (citing *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001)). They maintain that the complaint requires a more definite statement because it fails to delineate: (1) which defendant individually allegedly made statements to the plaintiff; (2) what the terms of the alleged oral contract was between plaintiff and each of the defendants individually; (3) how each defendant individually breached the alleged oral contract; (3) which defendant individually was allegedly plaintiff's partner; (4) what the terms of the alleged partnership agreement was between plaintiff and each of the defendants individually; (5) the alleged fraudulent conduct committed by each defendant individually; (6) which defendant individually employed plaintiff; (7) how each of the defendants individually allegedly breached the duty of good faith and fair dealing; (8) which defendant individually should be enjoined; (9) the entitlement of the plaintiff to declaratory relief; and (10) how plaintiff has met the burden required for the granting of injunctive relief. (Docs. 6, 7, 8 at pp. 2-3). They further contend that plaintiff's continuous use of the phrase "and/or" makes it difficult for them and

this court to determine whether a sufficient claim has been alleged. (Docs. 6, 7, 8, pp. 12-13).

Plaintiff's complaint is not so vague or ambiguous that defendants cannot reasonably be required to frame a responsive pleading. In *Magluta*, the complaint was 58 pages long, contained 146 numbered paragraphs of factual allegations, named 14 unrelated defendants, and did not delineate which facts applied to which defendants and which counts, such that for each count, "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." 256 F.3d at 1284. Here, by contrast, the 22-page complaint appropriately sets forth the facts common to all causes of action. Although plaintiff provides more detail than necessary, her averments are, for the most part, concise and direct.[1] Each averment of the complaint is appropriately set forth in a separately number paragraph. The specific counts of the complaint, wherein plaintiff demarcates her causes of action, are sufficiently linked to the fact section preceding all counts. Although it is true that each count incorporates by reference all of the preceding paragraphs, plaintiff sufficiently links the elements of each substantive count to the common fact section, emphasizing those facts that support the elements of that particular claim for relief. *See Lockheed Martin Corp. v. Boeing Co.*, 314 F.Supp.2d 1198, 1207 (M.D. Fla. 2004 (finding that a complaint which incorporated all general allegations into every count was not a "shotgun" pleading because the complaint reiterated the specific factual allegations supporting the respective counts). Further, disregarding the incorporation clauses, there are enough facts in the substantive counts to state a claim with the required particularity. The complaint concludes with appropriate prayers for relief, requesting declarations and adjudications of the validity of plaintiff's alleged agreement with Joseph Caruth and Goldrush77, and her

---

[1] This is true despite her use of the phrase and/or in describing Mr. Caruth's relationship to Goldrush77, for example, "Defendant Joseph Caruth, aka Joseph H. Caruth, Jr., President, Sole Proprietor, and/or Owner/Operator of Goldrush77 and/or Goldrush77.com." (Doc. 1, p. 10 ¶ 25); *see also* Doc. 1, p. 12 ¶ 32 (referring to Mr. Caruth as "President and/or Sole Proprietor of Golrush 77").

"proprietary" or equitable interest in the technology forming the basis of the parties' 2006 proposal (i.e., the Inter-Organization Simulation Training System), including plaintiff's right to participate in further development of it through subsequent phases of the SBIR program and her right to receive half of the profits derived from the technology. The complaint also requests injunctive relief against defendants' interference with plaintiff's right to participate in and profit from the development of the technology at issue. Lastly, plaintiff seeks damages and costs.

Furthermore, plaintiff's use of the phrase "the Defendants, and each of them," in the substantive counts does not make it difficult for defendants to form a responsive pleading. Plaintiff alleges that at all times relevant to the complaint, Mr. Caruth was an individual and sole proprietor doing business as Goldrush77. Her factual allegations state what Mr. Caruth said and did, and how Goldrush77 was involved. Regardless of whether Goldrush77 is Mr. Caruth's sole proprietorship or a fictitious name adopted by him for the purpose of transacting business, there is a single, complete identity between the two. Therefore, plaintiff's reference to them collectively is not so vague as to deprive defendants of the ability to frame a responsive pleading. *See* J. WILLIAM CALLISON AND MAUREEN A. SULLIVAN, PARTNERSHIP LAW & PRACTICE § 2:1 (2008) ("[In a sole proprietorship] there is a complete identity between the individual proprietor and his or her business."); 65 C.J.S. *Names* § 14 (2009 Supp.) ("Doing business under another name does not create an entity distinct from the person operating the business; the firm name and the sole proprietor's name are but two names for one person.") (footnotes omitted). Defendants' motion for a more definite statement will therefore be denied.

B. Whether the Complaint Should be Dismissed

Defendants contend that to the extent they can understand the general nature of plaintiff's claims, none of her allegations would state a claim upon which relief could be granted even if she had drafted her complaint appropriately. They contend Count I essentially asserts a wrongful termination claim; however, plaintiff has failed

to specifically allege an employment agreement with any defendant and, to the extent some form of agreement can be divined from her allegations, her failure to allege that the agreement was for a definite period or duration necessarily means it would have been terminable at will. Because the general rule in Florida is that an "at will" employee can be discharged at any time, Count I must be dismissed for failure to state a cause of action for wrongful termination. (Docs. 6, 7, 8, p. 15).

In response to defendants' motions to dismiss, plaintiff asserts that Count I is a claim for declaratory relief, that such a claim "can stand on its own merit, and that her Complaint does not depend upon, nor require the existence of some other cause of action in order for relief to be granted to Plaintiff." (Doc. 19, p. 2). She further argues that the facts alleged in her complaint establish her entitlement to declaratory relief. (*Id.*, pp. 2-3).

Contrary to plaintiff's assertion, the Declaratory Judgment Act does <u>not</u> establish an independent cause of action, it is procedural only and merely establishes a legal remedy available in cases brought pursuant to some other law. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed.617 (1937) ("[T]he operation of the Declaratory Judgment Act is procedural only."); *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

Notwithstanding the foregoing, the court concludes that Count I should not be dismissed for failure to state a claim. As a preliminary matter, the court does not construe Count I as asserting a claim for wrongful termination.[2] Count I asserts plaintiff's right to the remedy of a declaratory judgment. Specifically, plaintiff seeks

---

[2] **If this is incorrect and plaintiff intends to assert such a claim, she must assert that claim as a separate count in an amended complaint.**

*Case No: 3:09cv38/WS/MD*

to confirm, by judicial decree, that: (1) her oral contract with the defendants is valid and enforceable; (2) pursuant to the oral contract plaintiff has a "proprietary and/or equitable interest" in the content of the 2006 SBIR Topic Call CR-6 proposal, and further has the right to participate in the development of that project, including the development and submission of a proposal for "Phase II funding" for the project; (3) a partnership exists between plaintiff and defendants insofar as the development of that project is concerned; and (4) plaintiff is entitled to $20,000.00 from the defendants as consideration for the work she performed on Phase I of the project, and is entitled to $7,500.00 in out-of-pocket expenses she incurred while conducting partnership business. (Doc. 1, pp. 11, 20-21).

Plaintiff's request for a declaratory judgment is based on state law claims for breach of contract (asserted as Count II), breach of the implied covenant of good faith and fair dealing (asserted as Count III), fraudulent misrepresentation (asserted as Count IV), and quantum meruit (asserted as Count V). The common law of the State of Florida, upon which these substantive causes of action are based, certainly constitutes a form of the "some other law" that can undergird plaintiff's request for a declaratory judgment. Moreover, the complaint demonstrates that there is a dispute between plaintiff and the defendants relating to legal rights and obligations arising from the oral contract they allegedly made. In light of the foregoing, defendants' motions to dismiss Count I of the complaint for failure to state a claim should be denied.

Defendants also seek dismissal of Count II for failure to state a claim. Count II asserts a claim of breach of contract. "The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So.2d 1338, 1340 (Fla. 1st DCA 1992)). Defendants argue that the complaint fails to allege the existence of a valid contract because the allegations fail to demonstrate that there was a meeting of the minds between plaintiff and any defendant. (Docs.

6, 7, 8, pp. 16-17). They argue that plaintiff "makes broad generalizations about each Defendant, attempts to bind each Defendant simply by saying that one and/or the other may have said or done something, and then attributes that alleged action to both without specifically stating the agreements between Plaintiff and each Defendant . . . ." (*Id.*).

After reviewing the complaint, the court finds that plaintiff has sufficiently alleged a mutuality of agreement between herself and defendants. She alleges that she and Mr. Caruth agreed they would jointly prepare a proposal, that the proposal would be submitted through Mr. Caruth's company, Goldrush77, and that if the proposal was successful they would form a limited liability company through which they would jointly develop the subject technology further. Although defendants complain that plaintiff refers to them collectively and fails to state the agreement between herself and each individual defendant, that does not warrant dismissal of her claim. Plaintiff alleges that at all times relevant to the complaint, Mr. Caruth was the owner and sole proprietor of Goldrush77. She bases much of her argument on a theory that Mr. Caruth and Goldrush77 were not separate and distinct in their dealings with her, a theory that is sufficiently pled. Thus, the fact that she refers to Mr. Caruth and Goldrush77 as a single entity does not render her breach of contract claim implausible. Accordingly, defendants' motions to dismiss Count II should be denied.

Count III asserts a claim of breach of the implied covenant of good faith and fair dealing. "Under Florida law, every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005); *See also Insurance Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So.2d 1232, 1234 (Fla. 4th DCA 2001) ("Florida contract law recognizes the implied covenant of good faith and fair dealing in every contract.").

"A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation." *Centurion*, at 1151. The Eleventh Circuit has held that "a claim for a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract." *Id.*, at 1152.

Defendants argue that plaintiff's allegations in Count III "hinge upon her alleged wrongful termination," which defendants construed from Count I. (Docs. 6, 7, 8, p. 17). Defendants contend that because plaintiff has failed to state a cause of action for wrongful termination, her claim for breach of the implied covenant of good fath and fair dealing must fail, citing *Weld v. Southeaster Cos., Inc.*, 10 F.Supp.2d 1318 (M.D. Fla. 1999) (holding that "the essence of this claim [breach of implied covenant of good faith and fair dealing] rests with an identifiable and mutual binding agreement or employment contract", and that "an 'at will' employment arrangement would fail to satisfy this prong."). As discussed previously, the court rejects defendants' contention that Count I asserts a claim for wrongful termination based on an employment contract. Therefore, defendants' argued basis for dismissal of Count III is unavailing.

Count IV asserts a claim of "Fraud and Deceit - Intentional Misrepresentation." (Doc. 1, p. 16). "In the State of Florida, relief for a fraudulent misrepresentation may be granted only when the following elements are present: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Johnson v. Davis*, 480 So.2d 625, 627 (Fla. 1985).

Defendants contend that Count IV should be dismissed under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, for the following reasons:

> Plaintiff has failed to allege which defendant made the allegedly fraudulent statement(s) upon which she claims to have relief. As

>discussed above, Rule 9 requires allegations of fraud to be plead [sic] with particularity.  Although Plaintiff does quote selectively from an email that she allegedly received, she attributes that e-mail to all Defendants improperly, fails to show how the e-mail was false, fails to demonstrate that the Defendants intended her to rely on any such e-mail, and fails to show that the Defendants knew that any such statement was false at the time made.  Thus, Claim 4 should be dismissed for failure to state a cause of action.

**(Docs. 6, 7, 8, p. 18).**

**Reviewing the complaint, the court finds that plaintiff alleges with sufficient particularity that she reasonably relied, to her detriment, on Mr. Caruth's alleged misrepresentation that if plaintiff collaborated with him and Goldrush77 in submitting SBIR proposals, and if any of the proposals were successful in receiving an SBIR award, he would form a business entity with plaintiff and jointly develop the subject technology.  She further alleges that Mr. Caruth later reaffirmed this misrepresentation, to induce plaintiff to keep preparing SBIR proposals and, once successful, to ensure that they had a successful SBIR compliance review**

**While breach of contract "is not tantamount to fraud," *Lyxell v. Vautrin*, 604 F.2d 18, 20 (5th Cir. 1979), plaintiff's allegations raise a plausible theory, in the alternative to the breach of contract theory, that Mr. Caruth intended to deceive her at the time he made the representation.  The allegations of Mr. Caruth's intent to deceive are not only that the promise to establish a business entity was not performed, but that within weeks of Goldrush77 receiving the SBIR grant money and getting through the compliance review, Mr. Caruth suddenly and for no stated reason, severed all ties with plaintiff, prohibited her from working any further on the project or with his company, made her final compensation contingent upon her providing details about the resources she had been using under the guise that he needed it for billing purposes, and continued developing the technology himself. Assuming plaintiff's allegations are true, they state a plausible claim for fraud. Thus, defendants' motions to dismiss Count IV under Rule 12(b)(6) and Rule 9(b) should be denied.**

*Case No: 3:09cv38/WS/MD*

In Count V, plaintiff seeks recovery for the value of her services provided to defendants under the equitable doctrine of quantum meruit. (Doc. 1, pp. 18-20). "Under Florida law, '[t]o satisfy the elements of quantum meruit, a plaintiff must . . . show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it.'" *Babineau v. Federal Express Corp.*, --- F.3d ---, 2009 WL 2212158, at *10 (11th Cir. July 27, 2009) (quoting *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 778 So.2d 297, 305 (Fla. 1st DCA 1999)).

Defendants argue that plaintiff's allegations fail to state a claim for quantum meruit because, although she makes allegations of work she allegedly performed on behalf of defendants collectively, she "does not plead or allege which Defendant received which benefit from her, had knowledge of any such benefit, accepted any such benefit, or retains any such benefit." (Docs. 6, 7, 8, pp. 17-18). As discussed previously, given plaintiff's allegations that Goldrush77 is Mr. Caruth's sole proprietorship and, in essence, his alter ego, the court finds that plaintiff's reference to defendants in the collective rather than the individual does not warrant dismissal of her quantum meruit claim.

C. Whether the Complaint, or portions thereof, should be stricken

Defendants argue that plaintiff's complaint should be stricken for failure to comply with Federal Rule of Civil Procedure 11(a) and Local Rule 5.1(B)(5), because it was filed in paper form and, although defendants admit they have not viewed the original complaint, they believe plaintiff's signature is a scanned copy due to its similarity to plaintiff's signature on her amended complaint filed in Case No. 3:07cv538. (Docs. 6, 7, 8, p. 3 ¶ 6). Plaintiff's complaint will not be stricken for several reasons. First, defendants admit that their contention is based on speculation, and that they have not viewed the original complaint filed with the court. Second, this court has reviewed the original complaint and, while a close call,

cannot say that plaintiff's signature is not original. Third, even assuming the signature is not original, striking the complaint is a drastic remedy, one which is appropriate only after plaintiff has been given the opportunity to cure the defect. Thus, defendants' motion to strike will be denied. However, the court reminds plaintiff that an original signature is required on all papers. A document bearing a stamped facsimile of a signature is not "signed" within the meaning of Federal Rule of Civil Procedure 11(a). *See Becker v. Montgomery*, 532 U.S. 757, 764, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001) (holding that a typewritten signature does not satisfy Rule 11's signature requirement; "As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."); *Jenkins v. Sladkus*, 226 F.R.D. 206, (S.D. N.Y. Feb. 17, 2005) (holding that document bearing a rubber stamped facsimile of a signature is not "signed" within the meaning of Rule 11(a), and that the reference to a "mark handplaced" is to a mark affixed by one incapable of handwriting his or her name). Any document tendered for filing that does not bear plaintiff's original signature will be returned to her without filing.

With regard to plaintiff's claim for attorney fees, while it may be true that parties proceeding *pro se* are not entitled to attorney fees, defendants have demonstrated no prejudice stemming from the inclusion of that request for relief. The court declines to resort to the drastic remedy of striking this portion of the complaint.

<u>Amendment of the Complaint is Necessary</u>

As discussed above, plaintiff alleges that at all times relevant to the complaint, Mr. Caruth was an individual and sole proprietor doing business as Goldrush77. The master business index created and maintained by the Florida Department of State indicates that Goldrush77.com is the fictitious name Mr. Caruth registered on November 20, 2000; that he renewed that fictitious name on June 22,

2005; and that he cancelled that fictitious name on January 28, 2008, registering a new name, Goldrush77.com/Caruth Central Business Advisory and Education Service.  *See* [http://sunbiz.org.](http://sunbiz.org.)  For purposes of clarity, plaintiff should amend her complaint to reflect that there is one defendant: Joseph Caruth, a/k/a/ Joseph Henry Caruth, Jr., d/b/a/Goldrush77.com/Caruth Central Business Advisory and Education Service.

Second, although the issue was not raised by defendants, the court notes that plaintiff's claim for declaratory judgment (Count I) fails to notify this court or the defendants what statute she seeks relief under.  A litigant that seeks a declaratory judgment from a federal court sitting in Florida may elect to attempt to state a claim under the federal Declaratory Judgment Act, 28 U.S.C. § 2201-2202 or the Florida Declaratory Judgment Act, Fla. Stat. §§ 86.011-86.111, et seq.  In amending, plaintiff should clarify her complaint in this regard.

As a final matter, the court strongly urges plaintiff to retain counsel.

Accordingly, it is respectfully RECOMMENDED:

1.  That defendants' motions to dismiss or, in the alternative, for a more definite statement (docs. 6, 7, 8) be DENIED.

2.  That plaintiff be required to file an amended complaint correcting the deficiencies noted directly above, within thirty (30) days of the order adopting this report and recommendation.

3.  That the matter be referred to the undersigned for further proceedings.

At Pensacola this 12th day of August, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**